# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN WELLS, | ) | CASE NO. 1:07CR613 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of petitioner Melvin Wells ("petitioner" or "Wells") for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines ("U.S.S.G" or "guidelines"). (Doc. No. 53 ["Mot."].) He also seeks leave to proceed *in forma pauperis* and requests the appointment of counsel. The government opposes the motion. (Doc. No. 54 ["Opp'n"].) For the reasons that follow, petitioner's motion to proceed *in forma pauperis* is GRANTED, and his requests for the appointment of counsel and a modification of his sentence are DENIED.

The Court has already issued several post-sentence opinions in this case, and will, therefore, only briefly review the background facts. On March 6, 2008, petitioner entered a guilty plea to one count of intent to distribute fifty (50) grams or more of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Pursuant to § 841(a)(1) and (b), petitioner was subject to a mandatory minimum sentence of 120 months

imprisonment. (Doc. Nos. 24 and 25.) While the sentencing range under the guidelines would have been 70-87 months, the application of § 841(a)(1) and (b) meant that the guidelines range became the mandatory statutory minimum term. *See* U.S.S.G. § 5G1.1(b). On May 20, 2008, the Court imposed the mandatory minimum term of 120 months imprisonment. (Doc. No. 25.) Petitioner sought a sentence reduction under 18 U.S.C. § 3582(c)(2) following Amendment 750 and passage of the Fair Sentencing Act of 2010. The Court denied the motion, finding that petitioner was not entitled to a reduction, as he was sentenced subject to a mandatory minimum term. (Doc. No. 51.)

Petitioner now seeks a reduction or modification in his sentence under Amendment 782, noting that his sentence was based, "at least in part, on drugs." (Mot. at 226.) Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in sentencing guidelines 2D1.1 and 2D1.11. The government insists that petitioner is ineligible for a sentence reduction because his guidelines range has not been lowered by a retroactive amendment.

The authority by which petitioner seeks to modify or reduce his sentence is § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C § 3582(c)(2) (emphasis added). Petitioner's sentence was not based on a sentencing

range that was subsequently lowered by the Sentencing Commission. Rather, he was sentenced to a mandatory minimum term that was set by statute. A change in the sentencing guidelines cannot be utilized to circumvent a statutory mandatory minimum sentence. *See Untied States v. Worthey*, 610 F. App'x 556, 559 (6th Cir. 2015) (defendant "has already been sentenced to the minimum sentence permitted by statute—120-months of imprisonment—and his sentence cannot be reduced further, regardless of the applicability of Amendment 782"); *United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013) ("the Sentencing Commission's amendments to the crack cocaine guidelines have no effect on statutory minimum sentences mandated by Congress"); *United States v. Blewett*, 746 F.3d 647, 657 (6th Cir. 2013) (en banc) (Section 3582(c)(2) applies to a lowering of a sentencing range by the Sentencing Commission, "with other sentencing elements—mandatory minimums included—held constant."); *see also United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (Section 3582(c)(2) only applies to sentences based on a sentencing range "that has subsequently been lowered by the Sentencing Commission"); *see, e.g., United States v. Murphy*, No. 3:13-CR-45-TAV-CCS-15, 2016 WL 1122048, at *2 (E.D. Tenn. Mar. 22, 2016) (defendant was ineligible for sentence reduction under Amendment 782 because he was sentenced to a statutory mandatory minimum term); *United States v. Moody*, Case No. 4:12 CR 306, 2015 WL 6742093 (N.D. Ohio Nov. 3, 2015) ("The Sixth Circuit [has] noted that a retroactive amendment to the Sentencing Guidelines 'cannot override any mandatory statutory minimum sentence set forth by Congress.'") (quoting *United States v. Green*, 532 F.3d 538, 546 n.8 (6th Cir. 2008)) (further citations omitted).

For these reasons, petitioner's motion for a modification of his sentence is DENIED. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could

3

not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: July 5, 2016

                                           **HONORABLE SARA LIOI**
                                           **UNITED STATES DISTRICT JUDGE**